IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANKLIN GRANGER LOWERRE, IV, )
)
      Plaintiff, )
)
   v. ) Civil Action No. 16-140-E
)
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

O R D E R

AND NOW, this 28th day of September, 2017, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to evaluate properly Plaintiff's limitations in social functioning and interacting with others in making his residual functional capacity ("RFC") assessment and in formulating his corresponding hypothetical questions to the vocational expert ("VE"). The Court disagrees and finds that

1

substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

A claimant's RFC is the most that a claimant can do despite his limitations. See 20 C.F.R. § 416.945(a). The determination of a claimant's RFC is solely within the province of the ALJ. See 20 C.F.R. §§ 416.927(d)(2), 416.946(c). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 416.927, 416.929, 416.945. In this case, after reviewing all the relevant evidence, the ALJ determined in his RFC that, due to Plaintiff's mental impairments, he is capable of only occasional interaction with supervisors, co-workers and the public. (R. 428). The Social Security regulations define "occasionally" as "occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251, at *5 (1983). In reaching this conclusion, the ALJ reviewed and engaged in extensive discussion of a great deal of evidence, including medical opinions of record, Plaintiff's treatment notes, and Plaintiff's testimony and subjective complaints.

In his thorough analysis of such evidence, the ALJ explained that he accorded "some weight" to the opinion of state agency psychologist Ray M. Milke, Ph.D., insofar as he opined that Plaintiff could meet the basic demands of competitive work, as supported by the record overall. (R. 304-21, 439). However, to the extent that Dr. Milke found that Plaintiff had no restrictions in his mental functional abilities, including his ability to engage in social interactions, the ALJ found that that portion of Dr. Milke's assessment was not entirely consistent with the evidence that the ALJ received at the hearing level. (R. 439). The ALJ explained specifically that, taking into account more recent treatment notes and Plaintiff's subjective complaints, he determined that Plaintiff has "mild to moderate" functional restrictions that warrant the task and interaction restrictions included in his RFC. (R. 439). Thus, the ALJ concluded that this heightened finding necessitated restricting Plaintiff to only "occasional interaction" with supervisors, co-workers and the public. (R. 428).

Similarly, the ALJ explained that he accorded "great weight" to the opinion set forth in the medical source statement completed by consultative psychologist Michael Mercatoris, Ph.D., which stated, among other things, that Plaintiff has only a slight limitation in the ability to respond appropriately to supervisors, co-workers and the public. (R. 293-301, 439). The ALJ found Dr. Mercatoris's opinion to be well supported by the doctor's own objective examination findings as well as by the record as a whole, including Plaintiff's treatment notes and level of daily activity. (R. 439). However, the ALJ found, "considering the evidence in a manner most favorable to the claimant," that Plaintiff is more appropriately restricted to only occasional social interaction with the public, coworkers and supervisors. (R. 439).

Plaintiff now argues, however, that the ALJ did not go far enough in limiting Plaintiff to "occasional" interaction with supervisors, co-workers and the public, and contends that the ALJ actually "rejected" evidence of Plaintiff's difficulties with social interactions without providing an adequate explanation for his decision to do so. The Court disagrees. First, the ALJ limited Plaintiff to only occasional social interaction even though neither the state agency psychologist nor the consultative psychologist found such a restriction to be necessary. (R. 439).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

---

Additionally, in support of his argument, Plaintiff cites to evidence which he says is consistent with the usual characteristics of his impairments. (Doc. No. 13, at 17-18). While it is true that Plaintiff has been diagnosed with various disorders, including anti-social personality disorder, bipolar disorder and impulse control disorder, such diagnoses alone do not warrant an award of disability benefits. Instead, there must be proof of a related functional loss preventing Plaintiff from engaging in substantial gainful activity. See In re Petition of Sullivan, 904 F.2d 826, 845 (3d Cir. 1990); 20 C.F.R. § 416.921. Further, although an ALJ is not required to make reference to every relevant treatment note as long as the Court can discern the basis for the ALJ's decision, much of the evidence that Plaintiff cites in support of his claim is in fact referenced by the ALJ in his decision, and has thus already been taken into consideration in formulating Plaintiff's RFC. See also Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). Moreover, the Court finds that the ALJ extensively addressed the relevant evidence regarding Plaintiff's social interaction abilities, including Plaintiff's testimony, medical records and opinion evidence, and he came to a well-reasoned conclusion as to Plaintiff's limitations in this area. The Court cannot now choose to re-weigh such evidence simply because Plaintiff does not agree with the ALJ's decision. See Berry v. Sullivan, 738 F. Supp. 942, 944) (W.D. Pa. 1990). Accordingly, the Court finds that the ALJ did not err in accommodating Plaintiff's social impairments when formulating his RFC.

Finally, the Court cannot find that the ALJ erred in posing his hypothetical questions to the VE at the administrative hearing. While the hypothetical questions to the VE must accurately portray the claimant's impairments, such question need only reflect those impairments that are adequately supported by the record. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, the Court finds that the ALJ's hypothetical questions to the VE fully accommodated the limitations that were supported by the record, which were also properly included in the RFC, discussed supra. The ALJ accounted for the limitations supported by the record when he asked the VE to assume an individual of Plaintiff's age, education and work experience who is limited to light work, or sedentary work, with additional limitations including no more than occasional interaction with supervisors, co-workers, and the public. (R. 441, 514-16). Considering these limitations, the VE testified that such an individual would be able to perform the requirements of representative light work occupations such as marker, mail sorter, and office helper, and representative sedentary work occupations such as addresser/sorter, surveillance system monitor, and document specialist, and the ALJ properly relied on these findings in concluding that Plaintiff is not disabled. (R. 441-42, 515-16).

In sum, the Court finds that the ALJ did not err in assessing the medical opinions and other evidence of record in formulating Plaintiff's RFC, nor did he err in posing his hypothetical questions to the VE. Accordingly, the Court affirms.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record